J-A17036-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| THOMAS ALTMAN, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT RUSSO, INDIVIDUALLY AND | : | |
| T/B/A NEW YORK JEWELRY | : | |
| EXCHANGE, LLC AND NICOLE | : | |
| RUSSO, INDIVIDUALLY AND T/B/A | : | |
| NEW YORK JEWELRY EXCHANGE, LLC | : | No. 1878 WDA 2017 |

Appeal from the Judgment entered January 17, 2018
in the Court of Common Pleas of Westmoreland County
Civil Division at No(s): 3062 of 2014

BEFORE:  OTT, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          FILED NOVEMBER 08, 2019

Thomas Altman ("Altman") appeals from the Judgment entered against

him and in favor of Robert Russo ("Russo") and Nicole Russo ("Ms. Russo")

(collectively, "the Russos"), in their individual capacities, but against the

Russos trading and doing business as New York Jewelry Exchange, LLC

(sometimes referred to as "the Exchange").  We affirm.

The trial court summarized the relevant history underlying the instant

appeal as follows:

> The original Complaint [brought] suit against both "[Russo],
> individually, and t/d/b/a New York Jewelry Exchange, LLC."  The
> Amended Complaint add[ed Ms. Russo] as a Defendant, as she
> "was or is a principal or member of the entity known as "New York
> Jewelry Exchange, LLC."  The [Russos] were the sole members of
> the LLC, a separate legal business entity;  the Russos were not
> simply using the fictitious name of "New York Jewelry Exchange."

As members of the [limited liability company], the Russos were engaged in the business of buying and selling gold and silver. [Altman] agreed to invest in this business enterprise[,] with periodic infusions of financial support.

\* \* \*

At one point[,] the parties contemplated a more formal business relationship, with [Altman] intending to purchase a one-half interest in the Limited Liability Company. The consummation of this purchase never came to fruition.

When [Altman] was repaid $20,000 on a loan, the "Receipt of Payment," dated May 13, 2011, states "New York Jewelry Exchange[,] LLC[,] of Greensburg, Pennsylvania," is the payor/debtor.

Trial Court Opinion, 11/16/17, at 1-2 (citations omitted).

By his Complaint, Altman averred that on or about February 1, 2011, Russo, in his individual capacity, promised Altman that, if Altman provided Russo with funds, Altman "would insure a return on [Altman's] money by either obtaining gold and silver for [Altman], or, that [Altman] would receive any funds [that Altman had] provided to [Russo] 'back with interest.'" Complaint, ¶ 5. According to Altman, Russo promised that if Altman provided $9,900 to Russo, Altman "would receive a return of the sum of money." Id., ¶ 6. Altman claimed that he loaned Russo $9,900, but Russo did not reimburse or compensate Altman for the funds. Id., ¶¶ 7-8.

Altman additionally averred that on or about June 27, 2011, Russo asked Altman for assistance in purchasing silver coins. Id., ¶ 9. According to Altman's Complaint, Russo represented that he had inspected the coins, and valued them at over $30,000. Id. Further, Altman averred that he was

- 2 -

led to believe that he would receive either the coins, or a "high return" on any payment made by Altman to Russo. Id., ¶ 10. Based upon Russo's promises, Altman claimed, he loaned $10,000 to Russo, in his individual capacity. Id., ¶ 12.

According to Altman's Complaint, Russo again approached Altman on or about July 21, 2011, promising Altman a partnership or equity interest in the Exchange, in return for a cash investment. Id. Altman stated, in his Complaint, that Russo had promised to keep the funds in escrow, until Russo invested the funds into the Exchange. Id., ¶ 13. Altman averred that he issued a check to the Exchange, in the amount of $2,500. Id., ¶ 14. Russo has not reimbursed or compensated Altman for these funds. Id., ¶ 15.

Altman averred that on or about July 26, 2011, Russo urged him to purchase silver or gold at current prices. Id., ¶ 16. Altman stated that Russo represented that any funds provided by Altman would be used by the Exchange to purchase the gold or silver. Id. Altman issued a check to the Exchange in the amount of $22,000, for the purchase of gold or silver. Id., ¶ 18. Russo has not reimbursed or compensated Altman for these funds. Id., ¶ 19. Finally, on September 12, 2011, Altman loaned Russo $9,000, which Russo has not repaid. Id., ¶¶ 22-23.

Following a non-jury trial, the trial court entered a verdict in favor of Altman and against New York Jewelry Exchange, LLC. However, the trial court entered a verdict against Altman, and in favor of the Russos, in their individual

- 3 -

capacities.[1]  Altman filed Post-Trial Motions, which the trial court denied.

Thereafter, Altman filed a Notice of Appeal of the trial court's Order denying

Post-Trial Motions.  On January 17, 2018, the trial court entered Judgment on

its verdict.[2]

Altman presents the following claims for our review:

1.  [Whether the trial court] erred or abused it[s] discretion by
    entering [J]udgment against the entity known as the New York
    Jewelry Exchange[,] when judgment should have been entered
    against the individually named defendants[?]

2. [Whether the trial court's] findings of fact and conclusions of
   law are not supported by the record[?]

Brief for Appellant at 2.

We first observe our limited scope of review following a non-jury trial.

During a non-jury trial, the trial court acts as the finder of fact and has the

_____

[1] After the entry of the verdict, but prior to Altman's filing of the Notice of
Appeal, Russo filed a Petition for relief pursuant to Chapter 7 of the federal
Bankruptcy Code.  See  11 U.S.C.A. §§ 701-784.  Altman's civil action against
Russo, individually, was stayed pending the outcome of the bankruptcy
proceeding.

[2] "An appeal from an order denying post-trial motions is interlocutory.  An
appeal to this Court can only lie from judgments entered subsequent to the
trial court's disposition of post-verdict motions, not from the order denying
post-trial motions."  Fanning v. Davne, 795 A.2d 388, 391 (Pa. Super. 2002)
(citations omitted).  Although Altman's appeal of the trial court's Order
denying his Post-Trial Motions was prematurely filed, the appeal subsequently
was perfected when the trial court entered Judgment on the verdict.  See
Pa.R.A.P. 905 (stating that "[a] notice of appeal filed after the announcement
of a determination but before the entry of an appealable order shall be treated
as filed after such entry and on the day thereof.").

authority to make credibility determinations and resolve conflicts in evidence. Ruthrauff, Inc. v. Ravin, Inc., 914 A.2d 880, 888 (Pa. Super. 2006). The court may believe all, part or none of the evidence. Id.

> Issues of credibility and conflicts in evidence are for the trial court to resolve; this Court is not permitted to reexamine the weight and credibility determinations or substitute our judgment for that of the factfinder. Furthermore, the findings of the judge in a non-jury trial are given the same weight and effect as a jury verdict such that the court's findings will not be disturbed on appeal absent an abuse of discretion, error of law, or lack of support in the record. We will not disturb the court's factual findings merely on the basis we would have reached a different conclusion; rather, our task is to determine whether there is competent evidence in the record that a judicial mind could reasonably have determined to support the finding.

Id. at 887 (citations and quotations omitted).

We will address Altman's claims together. Altman first claims that New York Jewelry Exchange, LLC, was not specifically named as a party to the case, and not served with process. See Brief for Appellant at 10. Altman posits that the case proceeded against "the individually named" Russos, "and styled as 'doing business as' to reflect that sums of money given to [Russo] were diverted for his personal use or that of his wife, [Ms. Russo]." Id. According to Altman, any funds earmarked for New York Jewelry Exchange, LLC, "were, in actuality, retained by the Russos." Id. at 10-11.

Russo contends, "the evidence at trial clearly revealed, without contradiction, that Russo illicitly obtained [Altman's] funds outside the Exchange sales." Id. at 12. According to Altman, he gave Russo funds so that Russo could purchase items at "estate sales." Id. Altman asserts that

the Exchange was not involved in these events, only Russo, in his individual capacity. Id. Thus, Altman contends, although the funds were issued to the Exchange, the Exchange had no involvement in the transactions. Id. at 13. Altman argues that the Exchange was merely a façade for the operations of Russo, as its dominant shareholder. Id. Because the Exchange failed to adhere to corporate formalities, "substantial intermingling of corporate and personal affairs and use of the corporate form to perpetrate a fraud should justify the [trial court] in ignoring [the Russos'] post hoc argument." Id. at 14.

In his second claim, Altman challenges the trial court's findings and conclusions as not supported by the record. See id. Altman argues that the trial court failed to articulate why it had rejected Altman's testimony, or explain its credibility determinations. Id. at 15. Altman asserts that the trial court further violated Pa.R.C.P. 2177 and Pa.R.C.P. 2176, precluding the entry of judgment against an entity that is not specifically named as a party defendant. Id. Altman points out that the trial court's judgment against the Exchange is in the exact amount claimed by Altman against the Russos, individually. Id. at 16. Thus, he argues, the trial court recognized that Altman is entitled to receive the full sum of money that the Russos had obtained from him. Id.

In its Opinion, the trial court addressed Altman's claims as follows:

> At trial, evidence and testimony established that all of the financial transactions in which the parties engaged concerned the

business of [the Exchange]. When [Altman] made investments in the business, invoices were issued on [the Exchange's] letterhead (see Plaintiff's Exhibit 1; and Defendants' Exhibit C), and checks were made payable to [Exchange]. (See Plaintiff's Exhibit 4, check dated 7/21/2011 for $2,500; and Plaintiff's Exhibit 5, check dated 7/26/2011 for $22,000.)

At one point the parties contemplated a more formal business relationship, with [Altman] intending to purchase a one-half interest in the Limited Liability Company. (See Defendants' Exhibit A, entitled "Agreement to Sell and Purchase a Fifty (50%) Percent Interest in New York Jewelry Exchange, LLC.") The consummation of this purchase never came to fruition.

When [Altman] was repaid $20,000 on a loan, the "Receipt of Payment," dated May 13, 2011, states "New York Jewelry Exchange LLC of Greensburg, Pennsylvania," is the payor/debtor. (See Defendants' Exhibit B).

Based upon the foregoing evidence, there is sufficient evidence to support a finding that a verdict must be entered against [Exchange] LLC[,] as the LLC is the responsible party....

Trial Court Opinion, 11/15/17, at 2. We agree with and adopt the sound reasoning of the trial court, as set forth above, with regard to Altman's claims. See id. Accordingly, Altman is not entitled to relief on his claims. See id.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/8/2019